FILED
SEP 30 2016
Clerk, U S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MARTY EVANS,<br><br>Petitioner,<br><br>vs.<br><br>LEROY KIRKEGARD, et al.,<br><br>Respondents. | Cause No. CV 16-115-M-DLC-JCL<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

This case comes before the Court on Petitioner Marty Evans' application for writ of habeas corpus under 28 U.S.C. § 2254. Evans is a state prisoner proceeding pro se.

I.  **Procedural History**

Following a jury trial in the Twentieth Judicial District Court, Lake County, Evans was found guilty of felony attempted sexual assault and misdemeanor indecent exposure. Evans was sentenced to fifty years at the Montana State Prison, with twenty years suspended on the felony, and a concurrent six-month jail sentence for the misdemeanor. Evans filed a direct appeal, but subsequently moved for dismissal. *State v. Evans*, No. DA 10-0003, Or. dismissing appeal with prejudice (Mont. Apr. 7, 2010). Evans also filed a petition for postconviction relief in the trial court. It was denied on September 10, 2010, and Evans did not appeal.

1

Evans then filed a petition with this Court on August 15, 2011. The majority of his claims were denied for lack of merit. One of Evans' claims, that his sentence was disproportionate to his crime, was dismissed with prejudice as procedurally defaulted without excuse. A certificate of appealability was denied. See, Orders (Doc. 33, 44), *Evans v. Kirkegard*, No. CV 11-112-M-DWM (D. Mont. Oct. 31, 2012, and Aug. 30, 2013).

Evans filed another habeas petition with this Court alleging that he did not have a fair opportunity to present his case to the Montana Sentence Review Division and that the conditions imposed upon Evans in order to gain parole are excessive. *Evans v. Montana Sentence Review Board*, No. CV-15-13-M-DLC, Pet. (Doc. 1). This Court found that because Evans could have raised this claim in his first habeas petition, it was subject to the stringent requirements applicable to second or successive habeas petitions under 28 U.S.C. § 2244(b). Evans was advised that unless he obtained leave from the Ninth Circuit to proceed, this Court lacked jurisdiction to hear his claims. *Evans v. Montana Sentence Review Board*, No. CV-15-13-M-DLC, Or. at 2-3 (Doc. 4). Evans's petition was dismissed and a certificate of appealability was denied. *Id.* at 3.

Evans then proceeded to file a petition for a writ of habeas corpus in state court seeking relief from the imposition of phase two of the sexual offender treatment program (SOP II) required of him by the Board of Pardons and Parole.

*Evans v. Kirkegard*, No. OP 16-0458, Or. (Mont. Aug. 17, 2016). Evans challenged the denial of his parole and argued that the Board's imposition of SOP II was unlawful primarily because he maintained his innocence. *Id.* at 1-2. According to Evans, this requirement amounted to an illegal sentence modification. Evans also maintained he was illegally charged with sexual assault, because the victim was asleep and "therefore unaware of the alleged conduct." *Id.* at 2. Evans asked the Montana Supreme Court to reverse his conviction.

To the extent Evans challenged the validity of his underlying convictions, the Montana Supreme Court held that he was unable to do so. The Court found that because Evans was "adjudged guilty of an offense in a court of record and has exhausted the remedy of appeal," Mont. Code Ann. § 46-22-101(2) precluded him from obtaining habeas relief. *Id.* at 2. The Court also observed that Evans misconstrued his conviction and that because he engaged in an act toward the commission of sexual assault, he was properly found guilty of attempt under MCA § 45-4-103(1). *Id.*

The Court proceeded to observe that the Parole Board's decision on April 28, 2016, did not support Evans' factual allegations that he was denied parole for refusing to admit his crime. The denial was made due to the nature or severity of the underlying offenses. *Id.* The Board did impose SOP II, as well as chemical dependency counseling, and stated he would not receive early consideration in

3

order to "enhance [Evans's] success on parole... and [so he] is willing and able to fulfill the obligations of a law-abiding citizen." *Id.* Additionally, the Court noted that the question of whether or not the Board has authority to require completion of SOP II as a condition to future parole had previously been decided. In *McDermott v. McDonald*, 2001 MT 89, 305 Mont. 166, 24 P. 3d 2000, the Court held "the Board's authority to impose conditions precedent to parole is both independent of and broader than a court's authority to impose such conditions in a sentence." *Id.*, citing *McDermott*, ¶ 15. Thus, because the Board has broad discretion in making its determinations, it did not illegally modify Evans's sentence, but rather imposed the completion of SOP II as a condition of his future parole in the interest of public safety. Evans's petition was denied. *Id.* at 3.

## II. Evans's Claims

As best as can be ascertained from Evans's petition, he contends here, much like he did in state court that at his 2016 parole hearing, the Board of Pardons and Parole unlawfully ordered SOP II as a condition precedent to his parole. (Doc. 1 at 1; 4-5; 7; 10-11). Evans also raises various challenges to the underlying state conviction including: violation of right to a fair trial/due process (*id.* at 3; 11-12); ineffective assistance of trial and appellate counsel (*id.* at 2;4; 7-8; 11-12); gender bias against Evans by a female judge, prosecutor, and presentence investigation writer (*id.* at 2; 9; 11); cruel and unusual punishment (*id.* at 3-4, 6; 14}; and, denial

4

of equal protection due to the excessive charge and sentence (*id.* at 3-4, 5, 6; 14).

Evans argues the felony charge against him should be amended to endangering the welfare of a child and he should be resentenced accordingly. *Id.* at 13-14. He also asks this Court to modify his Level 3 Offender designation and strike the requirement of SOP II from his parole eligibility. *Id.* at 14.

### III. Analysis

Because Evans has filed two prior petitions with this Court, as a threshold matter it is necessary to determine whether the instant petition is second or successive in nature. See, 28 U.S.C. § 2244(b). The fact that "a prisoner has previously filed a federal habeas petition does not necessarily render a subsequent petition 'second or successive.'" *Hill v. State of Alaska*, 297 F. 3d 895, 898 (9th Cir. 2002). In *Hill*, the Court noted that although AEDPA does not define the terms "second or successive" the concept encompassed by this term of art is "derivative of the 'abuse of the writ' doctrine. *Hill*, 297 F. 3d at 897-98. "An 'abuse-of-the-writ' occurs when a petitioner raises a habeas claim that could have been raised in an earlier petition were it not for excusable neglect." *Id.* at 898 (quoting *McClesky v. Zant*, 499 U.S. 496, 493 (1991)).

#### a. Evans's Claims Challenging the State Conviction

Because all of the claims that Evans advances challenging his underlying state court convictions could have been raised, and many of the claims, in fact,

5

were raised in Evans's original petition, he cannot bring them forward now. Those claims are second or successive in nature. As set forth above, absent obtaining authorization from the Ninth Circuit to proceed on the successive claims, this Court lacks jurisdiction to hear them. 28 U.S.C. § 2244(b)(3)(A). Accordingly, they should be dismissed for lack of jurisdiction.

**b. Evans's Claim Challenging the Denial of Parole**

Evans's claim relative to the recently imposed parole condition and the denial of his parole presents a different situation. The percipient event, the inclusion of SOP II as a condition precedent to Evans's parole eligibility, did not occur until April 2016, years after his first petition was concluded. "A prisoner whose conviction and sentence were tested long ago may still file petitions relating to denial of parole, revocation of a suspended sentence, and the like because such claims were not ripe for adjudication at the conclusion of the prisoner's first federal habeas proceeding." *United States v. Buenrostro*, 638 F. 3d 720, 725 (9th Cir. 2011)(per curiam); see also, *Panetti v. Quarterman*, 551 U.S. 930, 947 (2007)(statutory bar on "second or successive" petitions does not apply to claims that could not have been raised earlier because they were not ripe).

A federal court, in conducting habeas review, is limited to deciding whether a state court decision violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a); *Swarthout v. Cooke*, 131 S. Ct. 859, 861 (2011)(per

6

curium). It appears that Evans attempts to advance both a Fifth Amendment violation and a Due Process claim relative to the denial of parole.

Evans's contention that he is effectively being denied parole for his failure to admit guilt to the offense of attempted sexual assault has already been addressed by the Montana Supreme Court. As set forth above, the Court noted that it was not Evans's denial of guilt that caused the Board to deny Evans parole at his first hearing. Rather, the decision was made due to the nature of the underlying offense, and the Board's determination that Evans should complete SOP II and chemical dependency treatment prior to release, in order to increase Evans's chance at success on parole while simultaneously ensuring public safety. *Evans v. Kirkegard*, No. OP 16-0458, Or. at 2-3 (Mont. Aug. 17, 2016). A review of the records from the Montana Board of Pardons and Parole's, supports the Montana Supreme Court decision.[1] Additionally, as explained by the Court, the ability of the Board to include additional sex offender treatment as a requirement prior to parole, is an issue of state law and the inclusion of such a provision is an appropriate exercise of the Board's discretion. See, *McDermott v. McDonald*, 2001 MT 89, 305 Mont. 166, 24 P. 3d 2000. Evans has failed to advance a meritorious federal claim under the Fifth Amendment.

Likewise, Evans's Due Process argument is equally unavailing. The Due

---

[1] *See e.g.*, http://bopp.mt.gov/FinalDispositions/2016/FinalDispositions, April 2016 (accessed Sept. 29, 2016).

Process Clause of the Fourteenth Amendment to the United States Constitution provides that a state shall not "deprive any person of life, liberty, or property, without due process of law[.]" U.S. Const. Amend. XIV, § 1. Thus, to state a due process violation an individual must establish the existence of a constitutionally recognized liberty interest that is protected by the Due Process Clause, and must demonstrate the procedures afforded the individual for the protection of the liberty interest were constitutionally deficient. *Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989). "Protected liberty interests may arise from two sources- the Due Process Clause itself and the laws of the States." *Id.* (quotation and citation omitted). *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) (stating that a protected liberty interest could "arise from the Constitution itself, [...or] from an expectation or interest created by state laws or policies.").

It is well established that there exists no substantive federal right to release on parole, and "the only federal right at issue" in the context of habeas claims regarding parole hearings is a procedural right. *Swarthout,* 562 U.S. at 222. With respect to parole hearings an inmate is constitutionally entitled only to an opportunity to be heard, and a statement of reasons why parole was denied. *Swarthout,* 562 U.S. at 220. Likewise, in Montana there is no state-created liberty interest in parole. *Worden v. Mont. Bd. of Pardons & Parole*, 962 P. 2d 1157, 1165 (Mont. 1998)(holding that when the Legislature amended the statute in 1989,

it eliminated any liberty interest in parole); *see also* Mont. Code Ann. § 46-23-208(1) (providing the parole board *may* release a prisoner on parole when certain criteria are met). Thus, there is neither a constitutional right nor a protected liberty interest at issue in the instant case.

It is apparent that Evans disagrees with the Parole Board's decision to deny him release on parole, but he does not advance a claim that he was deprived of anything to which he was entitled. Prior to his parole eligibility date, Evans appeared before the Board and was given an opportunity to be heard. He was also advised of the reasons parole was being denied and what he must do in order to be granted parole. He was also scheduled to appear again before the Board again in April of 2018[2]. Mr. Evans received the minimal procedural protection required, that is the "beginning and the end of federal habeas" analysis. *Swarthout*, 562 U.S. at 220. Accordingly, this claim should be denied.

IV. **Certificate of Appealability**

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C.. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the

---

[2] *See.,* http://bopp.mt.gov/FinalDispositions/2016/FinalDispositions, April 2016 (accessed Sept. 29, 2016).

district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Review of Evans's petition reveals the majority of his claims are second or successive in nature, thus, this Court is without jurisdiction to hear them. A review of the claim relative to his denial of parole demonstrates that he is not entitled to relief as a matter of law. There is no factual support for the contention that this denial was made as a result of Mr. Evans's proper exercise of his Fifth Amendment rights. Further, Mr. Evans does not have a liberty interest in parole and the review he seeks is precluded by *Swarthout*. There are no close questions and there is no reason to encourage further proceedings. A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1.  Mr. Evans's petition (Doc. 1) should be DISMISSED for lack of jurisdiction and DENIED for lack of merit.

2.  The Clerk of Court should be directed to enter, by separate document, a judgment of dismissal.

3.  A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Evans may object to this Findings and Recommendation within 14 days.[3] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Evans must immediately notify the Court of any change in his mailing address</u> by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this action without notice to him.

DATED this 30th day of September, 2016.

_____
Jeremiah C. Lynch
United States Magistrate Judge

---

[3] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.

11