

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MARTY EVANS,<br><br>Petitioner,<br><br>vs.<br><br>LEROY KIRKEGARD, et al.,<br><br>Respondents. | CV 16–115–M–DLC–JCL<br><br>ORDER |

United States Magistrate Judge Jeremiah C. Lynch entered his Findings and Recommendations on September 30, 2016, recommending dismissal of Petitioner Marty Evans's ("Evans") application for writ of habeas corpus under 28 U.S.C. § 2254. Evans timely filed an objection and is therefore entitled to de novo review of those Findings and Recommendations to which he specifically objected. 28 U.S.C. § 636(b)(1)(C). This Court reviews for clear error those findings and recommendations to which no party objects. *See McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). "Clear error exists if the Court is left with a definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

Notwithstanding the above, "[w]here a petitioner's objections constitute

-1-

perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original habeas petition, the applicable portions of the findings and recommendations will be reviewed for clear error." *Rosling v. Kirkegard*, 2014 WL 693315 at *3 (D. Mont. Feb. 21, 2014) (citations omitted).

Having reviewed Evans's objection, the Court finds that it largely fails to articulate any specific issue with Judge Lynch's reasoning, and instead attempts to assert variations of arguments raised in his petition. However, Evans does make one specific objection to the Findings and Recommendations where he argues that Judge Lynch erred in finding that his current petition is second or successive in nature. The Court will thus review this objection de novo.

Though not clear from his objections, Evans argues that his current petition does not constitute a second or successive habeas petition because it contains new claims not previously raised. (*See* Doc. 6 at 15 (stating that "[t]he Magistrate is trying to add the whole Habeas together and deny it as second or sucessive [sic], which 75% of it is not").) However, as discussed by Judge Lynch, a habeas petition will be considered a second or successive petition when it contains claims that could have been raised in an earlier petition but were not. *Hill v. State of Alaska*, 297 F.3d 895, 898 (9th Cir. 2002). The Court agrees with Judge Lynch

that the claims raised in his current petition that challenge his underlying state court conviction were raised or could have been raised in his previous habeas petitions.[1] Consequently, Evans must obtain authorization from the Ninth Circuit before this Court may review his claims. 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

Accordingly, the Court reviews the remainder of Judge Lynch's Findings and Recommendations for clear error and, finding none,

IT IS ORDERED that:

(1) Judge Lynch's Findings and Recommendations (Doc. 4) are ADOPTED IN FULL.

(2) Petitioner Marty Evans's petition (Doc. 1) is DISMISSED for lack of jurisdiction and DENIED for lack of merit.

(3) The Clerk of Court is directed to enter, by separate document, a judgment of dismissal.

(4) A certificate of appealability is DENIED.

---

[1] These claims are: (1) a violation of his right to a fair trial and due process; (2) ineffective assistance of his trial and appellate counsel; (3) gender bias against him by a female judge, prosecutor, and presentence investigation writer; (4) cruel and unusual punishment; and (5) denial of equal protection due to the excessive charge and sentence.

Dated this 23rd day of November, 2016.

/s/ Dana L. Christensen
Dana L. Christensen, Chief Judge
United States District Court